**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-CV-3698-RMR-JPO

CARLOS PINTO-RIOS,

      Plaintiff.

v.

CHRISTOPHER WENZEL,
SHANE PURCELL,
THOMAS TRISKA,
KERRY PRUETT,
KATY KELLER,
SUSAN GREENWALD,
STACIE HENGY,
MICAH RHOAD,
PATRICIA TRUJILLO, and
JEFFREY PETERSON.

      Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS GREENWALD, HENGY, KELLER,
PETERSON, PRUETT, RHOAD, AND TRUJILLO'S MOTION TO RESTRICT**

---

Plaintiff, Carlos Pinto-Rios, by and through his attorney, hereby submits this Response to

Defendants Greenwald, Hengy, Keller, Peterson, Pruett, Rhoad, and Trujillo's Motion to Restrict:

Defendants Greenwald, Hengy, Keller, Peterson, Pruett, Rhoad, and Trujillo filed a motion

(Doc. 383 at 1) seeking *ex parte* Level 3 restriction (filing party and Court only) on the entirety of

a Motion to Withdraw filed by the "Defendants" for *their* counsel to withdraw. Doc. 384 (emphasis

added). Defendants (not Wellpath, LLC) seek restriction of the entirety of the Motion for their

counsel to withdraw based on an assertion that the Motion contains communications/information

1

occurring between another party (Wellpath, LLC) and their counsel. These communications/information might ordinarily be subject to attorney-client privilege, but was waived when it was provided to the Defendants in this case.

Level 3 Restriction limits viewing to only the filing party and Court. Accordingly, seeking Level 3 restriction on the entirety of a motion seeks that the Court rule that all contents of the Motion and the grounds therefore providing the basis for the Court's ruling be kept secret from the public (and opposing counsel). Thus, the party requesting Level 3 restriction also asks that the opposing party have no knowledge of the basis or contents of the motion and that the Court rule in their favor when there cannot possibly be any response on the substance of the motion.

The Individual Providers' Motion to Restrict misleads and obfuscates the facts. The Motion is vague, giving the impression that the *Defendants* are asserting a privilege as grounds to restrict a Motion for counsel's withdrawal from representing the *Defendants*. In fact, the *Defendants filing the Motion* are not asserting any privilege. Rather, the only supposed "privilege" at issue is communications/information between Wellpath, LLC and their counsel that was provided the case Defendants (Hengy, Keller, Peterson, Pruett, Rhoad, and Trujillo) so they could file a Motion seeking for their counsel to withdraw and a Motion to Restrict the same from disclosure to the public, including opposing counsel. In other words, the Defendants seek to assert a privilege on behalf of another party, despite this privilege already being broken by telling them about information to put in their Motion.

In conferral Plaintiff sought to clarify these very issues and the vagaries of Defendants' Motion before litigating over the matter, including the grounds for Defendants' Motion under D.C.COLO.LCivR 7.2. Plaintiff inquired as to *who* was asserting attorney-client privilege in this

Motion. Doc. 383-1 at 4-5. Counsel for the Individual Providers responded that the attorney-client "privilege" at issue is for **Wellpath LLC** - who is NOT a party to this case. *Id*. Plaintiff then inquired 1) what, if any, privilege was being asserted by the actual Defendants in this case in their Motion to Restrict; and 2) how the Defendants can assert "attorney-client privilege" on behalf of another party via a motion filed by the Defendants disclosing communications/information provided to them by Wellpath/their counsel. *Id.* at 2-3. Plaintiff also inquired about the grounds for Defendants' Motion under D.C.COLO.LCivR 7.2. *Id*. at 8-10. The Defendants' counsel refused to respond/confer, only sending Plaintiff the vague conclusions they put in their Motion (*see* below). When Defendants filed the Motion to Restrict, they claimed that they "attempted to obtain Plaintiff's position on [the Defendants'] Motion to Restrict but was unable to do so…despite best efforts…to obtain a clear position from Plaintiff's counsel." Doc. 383 at 1, n. 1.

The **entirety of the Motion** and the **only** grounds/basis for restriction is the conclusion that:

> A Level 3 restriction on Defendants' *Ex Parte* Motion to Withdraw is appropriate because Defendants' Motion includes information about the reasoning for Defense counsel's withdrawal of representation from this matter. Such information is confidential and protected from disclosure by the attorney-client relationship. Because information protected by the attorney-client relationship is not accessible to the public, it does not carry a presumption of public access and restricting the public's access does not harm any lawful interest.

> D.C.COLO.LCivR 7.2 provides for public access to documents and motions to restrict:

> (a) Policy. Unless restricted by statute, rule of civil procedure, these rules, or court order, the public shall have access to all documents filed with the court and all court proceedings.

(c) Motion to Restrict. A motion to restrict public access shall be open to public inspection and shall:

(1)  identify the document or the proceeding for which restriction is sought;

(2)  address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3)  identify a clearly defined and serious injury that would result if access is not restricted;

(4)  explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5)  identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

Defendants wholly fail to address the legal requirements justifying a motion to restrict. Accordingly, based on Defendants' Motion, neither the Court nor Plaintiff have any knowledge of any facts or legal basis supporting Defendants' Motion for Restriction. Further, the Defendants (Greenwald, Hengy, Keller, Peterson, Pruett, Rhoad, and Trujillo) seek to have their Motion to Withdraw kept secret from the public and opposing counsel because, supposedly, the *entire* Motion contains information/communications that they received from another party about its communications with counsel.

The law is clear: once communications/information ordinarily subject to attorney-client privilege are divulged to another party and/or in a motion, the privilege is broken. *Burke v. Regalado*, 935 F.3d 960, 1023 (2019); Federal Rule of Evidence 502(a). "Any voluntary disclosure by the client to a third party waives the privilege," *Id*. The Advisory Committee Notes further

explain "a voluntary disclosure in a federal proceeding or to a federal office or agency, if a waiver,

generally results in a waiver only of the communication or information disclosed; a subject matter

waiver (of either privilege or work product) is reserved for those unusual situations in which

fairness requires a further disclosure of related, protected information, in order to prevent a

selective and misleading presentation of evidence to the disadvantage of the adversary." The

waiver of privilege cannot be "selective." *In re Qwest Communications Intern. Inc.*, 450 F.3d 1179,

1192 (2006); *XY, LLC v. Trans Ova Genetics, Lc*, 17-CV-00944-WJM-NYW, 2018 WL 11000694,

at *4-6 (D. Colo. May 14, 2018). "[A]ttorney-client communications cannot be used both as a

sword and a shield." *Seneca Ins. Co., Inc. v. W. Claims, Inc.*, 774 F.3d 1272, 1278 (10th Cir. 2014).

Even putting privilege issues aside, there is no explanation for why the *entire* Motion to

Withdraw by the Defendants should be restricted because it contains privileged information

between a non-party and their counsels.

Accordingly, this Court should deny Defendants Motion to Restrict.


Dated this 17th day of February, 2026.


                                        /s/ Rachel B. Maxam
                                        Rachel B. Maxam, #47711
                                        Law Office of Rachel B. Maxam, PLLC
                                        405 Main St.
                                        Westcliffe, CO 81252
                                        Phone: (720)-526-2928
                                        Fax: (720)-894-1471
                                        Email: rachel@maxamlawfirm.com

                                        *Attorney for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2026 true and correct copy of the foregoing was filed and served using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Writer Mott
Rebecca McClain Taylor
Deputy County Attorney
Arapahoe County Attorney's Office
5334 S. Prince Street
Littleton, CO 80120-1136
Tele: 303-795-4609
Email: wmott@arapahoegov.com
　　　rtaylor@arapahoegov.com

*Attorneys for Sheriff Defendants*

Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

*Attorneys for Defendants Pruett, Keller, Greenwald, Hengy, Rhoad, Peterson, and Trujillo*

*Attorneys for Non-Party Wellpath LLC*

Christopher R. Jones
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel.: (303) 534-5160
Fax: (303) 534-5161
crjones@grsm.com

*Attorneys for Defendants Pruett, Keller, Greenwald, Hengy, Rhoad, Peterson, and Trujillo*

_s/     **Rachel B. Maxam**_