**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3698-RMR-TPO

CARLOS PINTO-RIOS,

        Plaintiff,

v.

TYLER S. BROWN, et al.,

        Defendants.

---

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO RESTRICT

---

On January 27, 2026, Wellpath Defendants filed a Motion to Restrict requesting that their counsel's *Ex Parte* Motion to Withdraw and attached Declaration receive a Level 3 restriction. (Dkts. 383; 384.) Plaintiff opposes Wellpath Defendants' request, arguing that while the information contained in their *Ex Parte* Motion to Withdraw and Declaration "might ordinarily be subject to attorney-client privilege," that privilege was waived when it was provided to remaining Wellpath Defendants. (Dkt. 387 at 2.) This argument is without merit. First, Plaintiff fails to identify what (if any) information was provided by Defense counsel to Wellpath Defendants such that disclosure of that information waived the attorney-client privilege. Nor could he as he does not know the contents of the Declaration. Second, any information Defense counsel provided to Wellpath Defendants is protected from disclosure by Defendants' common interest with Wellpath in defending this lawsuit and the work product doctrine.

Additionally, Defense counsel filed nearly identical Motions and Declarations in multiple cases in this District, and multiple Courts have granted Defense counsel's request for a Level 3 restriction. *See Rogacki v. Jefferson County et al*, No. 21-cv-02281 (D. Colo. Feb. 13, 2026), ECF No. 154 (finding that defendants' Ex Parte Motion to Restrict "contains confidential, attorney-client privileged information" and granting Level 3 restriction); *Angelo v. Board of County Commissioners of Jefferson County, et al.*, No. 1:23-cv-01607-CNS-STV (D. Colo. Jan. 28, 2026), ECF No. 237 (granting request for Level 3 restriction for defendants' Ex Parte Motion to Restrict). The Court should therefore follow the *Rogacki* and *Angelo* courts and grant Wellpath Defendants' request for a Level 3 restriction.

To the extent the Court is inclined to deny Wellpath Defendants' Motion to Restrict, Wellpath Defendants request that the Court grant them leave to file a sanitized Motion to Withdraw and Declaration that omits privileged information.

Dated:  March 3, 2026

Respectfully submitted,

s/  Kristina R. Rood
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com
*Attorneys for Defendants Greenwald, Hengy, Keller, Peterson, Pruett, Rhoad, and Trujillo*

- 3 -

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I HEREBY CERTIFY that on the 3rd day of March 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Rachel B. Maxam
LAW OFFICE OF RACHEL B. MAXAM, PLLC
405 Main Street
Westcliffe, CO 81252
rachel@maxamlawfirm.com
*Attorneys for Plaintiff*

Cheyenne A.E. Moore
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
cheyenne.moore@nelsonmullins.com
*Guardian Ad Litem for Plaintiff*

Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Assistant County Attorney
ARAPAHOE COUNTY ATTORNEY'S OFFICE
5334 S. Prince Street
Littleton, CO 8020
wmott@arapahoegov.com
rtaylor@arapahoegov.com
*Attorneys for Sheriff Defendants*

Jeffrey D. Ruff
RUFF & TARTAR, PC
P.O. Box 5326
Denver, CO 80217
jruff@rufftartarlaw.com
*Guardian ad Litem for Plaintiff*


By: /s/ E. Percevecz