**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-03698-RMR-TPO

CARLOS PINTO-RIOS,

     Plaintiff,

v.

TYLER BROWN, *et al.,*

     Defendants.

---

**ORDER**

---

Pending before the Court is Plaintiffs' Objection (the "Objection"), ECF No. 160, to Magistrate Judge Crews'[1] January 9, 2023 Order (the "Order"), ECF No. 152, Denying Plaintiff's Motion to Amend/Correct/Modify the Scheduling Order to Permit Facility Inspection and for Forthwith Determination ("Motion to Amend/Correct/Modify the Scheduling Order"), ECF No. 143. For the reasons stated below, the Court **OVERRULES** the Objection and **AFFIRMS** Magistrate Judge Crews' January 9, 2023, Order, ECF No. 152.

---

[1] As of the writing of this order, Judge Crews now serves as a District Court Judge for the United States District Court of Colorado. For the sake of clarity, this order will refer to Judge Crews as Magistrate Judge Crews to reflect his position at the time he drafted the Order in question.

## I.     LEGAL STANDARD

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

## II.     BACKGROUND

On November 30, 2022, Plaintiff filed the Motion to Amend/Correct/Modify the Scheduling Order. ECF No. 141. This Court referred the Motion to Amend/Correct/Modify the Scheduling Order to Magistrate Judge Crews on December 1, 2022, ECF No. 142. Plaintiff filed a Supplement/Amendment to the Motion to Amend/Correct/Modify the Scheduling Order on December 1, 2022, ECF No. 143, which was also referred to Magistrate Judge Crews, ECF No. 144, on December 2, 2022. Magistrate Judge Crews determined that ECF No. 141 was moot since Plaintiff filed an amended motion at ECF No. 143, making ECF No. 143 the operative filing. Magistrate

Judge Crews denied the Motion to Amend/Correct/Modify the Scheduling Order on Janaury 9, 2023. ECF No. 152. Plaintiff objected to Magistrate Judge Crews' Order on Janaury 23, 2023, and requested this Court "reverse the ruling and permit Plaintiff to conduct an inspection". ECF No. 160 at 1.

### III.    ANALYSIS

The crux of Plaintiff's objection centers around Federal Rule of Civil Procedure ("F.R.C.P.") 34  and F.R.C.P. 16. First, Plaintiff contends that Judge Crews' denial of the Motion to Amend/Correct/Modify the Scheduling Order is a result of an incorrect interpretation of F.R.C.P. 34. *Id.* at 4. Plaintiff alleges that, "requests for the production of documents via written discovery and requests for inspection are separate 'requests.'" *Id*. at 5. In his Order, Magistrate Judge Crews highlighted that the Court already addressed this exact issue in in it's November 30, 2022, Minute Order, ECF No. 140, stating in part "[a] 'request for production' reasonably includes a request to produce land for entry and inspection consistent with a plain reading of Rule 34 as a whole." ECF. No. 152 at 9. This Court is in agreement with Magistrate Judge Crews' interpretation of F.R.C.P. 34 and finds no clear error with his determination.

Second, Plaintiff alleges that there is good cause under F.R.C.P. 16 to grant the Motion to Amend/Correct/Modify the Scheduling Order. ECF No. 160 at 8, 11. A scheduling order may be amended only upon a showing of good cause. F.R.C.P. 16(b)(4). Plaintiff requests this Court apply the standard outlined in *Smith v. United States*  to find there is good cause to grant Plaintiff's Motion to Amend/Correct/Modify the Scheduling Order. *Id*. at 7-10 (citing to *Smith v. United States*, 834 F.2d 166, 169 (10th

Cir.1987))("*Smith*"). However, as Plaintiff acknowledges, the standard outlined in *Smith* is utilized when considering reopening of discovery. *Id.* at 7. At the time Magistrate Judge Crews drafted the Order, as Plaintiff states in the Objection, discovery was not closed, therefore, this standard was inapplicable. *See Id*. at 8. As such, this Court finds that Magistrate Judge Crews did not "err by not analyzing Plaintiff's Motion under the *Smith* Factors," and that there was no clear error with Magistrate Judge Crews' determination that there is not good cause to amend the scheduling order. *Id*. at 9; *see also* ECF No. 152 at 10. Further, none of the argumentation or alleged proof provided by Plaintiff in the Objection persuades this Court otherwise.

Upon review of the record and for the foregoing reasons, this Court is not "left with the 'definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp.*, 847 F.2d at 1464. None of Plaintiff's arguments raise any reason for this Court to find that Magistrate Judge Crews applied the wrong legal standard or applied the appropriate legal standard incorrectly. *See Residences at Olde Town Square Ass'n*, 413 F. Supp. 3d at 1072. Accordingly, the Court overrules Plaintiffs' Objection.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Objection, ECF No. 160, to Magistrate Judge Crews' January 9, 2023, Order, ECF No. 152, denying Plaintiff's Motion to Amend/Correct/Modify the Scheduling Order. ECF No. 143, is **OVERRULED**, and Magistrate Judge Crews' Janaury 9, 2023, Order, ECF No. 152, is **AFFIRMED.**

4

DATED: May 26, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge